IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF JEREMY HUNTER, by its Personal Representative, BRIAN HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>UINTAH COUNTY; KATIE SMITH; R.S. SMUIN; COLE ANDERTON; JULIANNE EHLERS; DEPUTY GRAY; RICHARD GOWEN; DEPUTY GURR; DEPUTY HARRISON; DEPUTY JENSEN; DEPUTY KELLY; GALE ROBBINS; ROLLIN COOK; and, John and Jane Does 1 thru 25,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT ROLLIN COOK'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:16-CV-1248 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Rollin Cook's Motion for Judgment on the Pleadings. Defendant Cook seeks dismissal of Plaintiff's third, fourth, and fifth causes of action. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff's Complaint arises from the death of Jeremy Hunter in the Uintah County Jail. Mr. Hunter was arrested on December 18, 2014, and was booked into the Uintah County Jail. Mr. Hunter advised that he suffered from high blood pressure and that he was receiving medications for his hypertension. Plaintiff claims that Mr. Hunter did not receive the drugs necessary to control his blood pressure.

On December 19, 2014, Mr. Hunter experienced chest pains. Defendants monitored Mr. Hunter, but did not transport him to the hospital or otherwise provide medication. On December

1

20, 2014, Plaintiff suffered cardiac arrest and could not be resuscitated. Plaintiff alleges that had Mr. Hunter "received timely medical care and attention, his death would not have occurred."[1] Plaintiff brings claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), and state-law claims for negligence and wrongful death.

## II. STANDARD OF REVIEW

Defendant Cook seeks judgment on the pleadings under Rule 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[2]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

---

[1] Docket No. 1 ¶ 48.

[2] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

### III. DISCUSSION

Plaintiff brings claims against Defendant Cook for constitutional violations pursuant to 42 U.S.C. § 1983, discrimination under the ADA, and state-law claims for wrongful death and negligence. Through his Motion, Defendant Cook seeks dismissal of Plaintiff's state-law and ADA claims. In his response, Plaintiff concedes his state-law claims as against Defendant Cook. Therefore, those claims are dismissed as against Defendant Cook, leaving only the ADA claim for discussion.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[9] "This provision extends to discrimination against inmates detained in a county jail."[10]

---

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[9] 42 U.S.C. § 12132.

[10] *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007); *see also Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that prisons are public entities covered by Title II of the ADA).

To prevail on a Title II claim, a plaintiff must show that "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability."[11]

Plaintiff has alleged that Mr. Hunter was a qualified individual with a disability. Plaintiff has further alleged that Defendants denied Mr. Hunter "the benefits of medical services, and participated in conduct that was discriminatory against Jeremy Hunter, by failing to accommodate his disability through administering his medication and providing medical care to treat his disability."[12] Absent from Plaintiff's Complaint, however, is any allegation that Defendants denied Mr. Hunter treatment "solely by reason of disability."[13] Absent such an allegation, Plaintiff has failed to state a claim under the ADA.[14] Therefore, the Court will dismiss Plaintiff's ADA claim as against Defendant Cook, but will do so without prejudice.

IV. CONCLUSION

It is therefore

ORDERED that Defendant Rollin Cook's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

---

[11] *Doe v. Bd. of Cty. Comm'rs of Payne Cty., Okla.*, 613 F. App'x 743, 746 (10th Cir. 2015).

[12] Docket No. 1 ¶ 70.

[13] *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005).

[14] *See Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (finding that plaintiff failed to state an ADA claim where he did not allege that defendants discriminated against him on the basis of his disorder).

DATED this 30th day of May, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge