IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF JEREMY HUNTER, by its Personal Representative, BRIAN HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>UINTAH COUNTY; KATIE SMITH; R.S. SMUIN; COLE ANDERTON; JULIANNE EHLERS; DEPUTY GRAY; RICHARD GOWEN; DEPUTY GURR; DEPUTY HARRISON; DEPUTY JENSEN; DEPUTY KELLY; GALE ROBBINS; ROLLIN COOK; and, John and Jane Does 1 thru 25,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT UINTAH COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:16-CV-1248 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Uintah County's Motion for Judgment on the Pleadings. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff's Complaint arises from the death of Jeremy Hunter in the Uintah County Jail. Mr. Hunter was arrested on December 18, 2014, and was booked into the Uintah County Jail. Mr. Hunter advised that he suffered from high blood pressure and that he was receiving medications for his hypertension. Plaintiff claims that Mr. Hunter did not receive the drugs necessary to control his blood pressure.

On December 19, 2014, Mr. Hunter experienced chest pains. Defendants monitored Mr. Hunter, but did not transport him to the hospital or otherwise provide medication. On December 20, 2014, Plaintiff suffered cardiac arrest and could not be resuscitated. Plaintiff alleges that had

1

Mr. Hunter "received timely medical care and attention, his death would not have occurred."[1] Plaintiff brings claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), and state-law claims for negligence and wrongful death.

## II. STANDARD OF REVIEW

Defendant Uintah County seeks judgment on the pleadings under Rule 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[2]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

---

[1] Docket No. 1 ¶ 48.

[2] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

### III. DISCUSSION

Plaintiff brings claims against Defendant Uintah County for constitutional violations pursuant to 42 U.S.C. § 1983, discrimination under the ADA, and state-law claims for wrongful death and negligence. In its response to Defendant's Motion, Plaintiff agrees that its state-law claims should be dismissed. Additionally, the Court previously dismissed Plaintiff's ADA claim without prejudice as against Defendant Rollin Cook.[9] Plaintiff seeks leave to amend its ADA claim with respect to Defendant Uintah County. Based upon these statements, the Court will dismiss Plaintiff's state-law and ADA claims without prejudice. This leaves only Plaintiff's claim under § 1983. Importantly, this Motion only concerns Plaintiff's claim against Uintah County. The Court has not been asked to determine the sufficiency of Plaintiff's claim against the individual Defendants who are alleged to have been employees of Uintah County during the relevant period.

---

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[9] Docket No. 20.

A municipality may be liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."[10] However, "local governments are responsible only for 'their own illegal acts.'"[11] "They are not vicariously liable under § 1983 for their employees' actions."[12] In order to state a claim for municipal liability, a plaintiff must allege (1) the existence of an official policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury alleged; and (3) deliberate indifference on the part of the municipality.[13]

A plaintiff may allege the existence of a municipal policy or custom in the form of (1) an officially promulgated policy; (2) an informal custom amounting to a widespread practice; (3) the decisions of employees with final policymaking authority; (4) the ratification by final policymakers of the decisions of their subordinates; or (5) the failure to adequately train or supervise employees.[14] Here, Plaintiff has failed to allege the existence of an official policy or custom, or a direct causal link between the policy and custom and the alleged injury. Plaintiff merely alleges that Mr. Hunter was housed at the Uintah County Jail at the time of his death. Plaintiff then points to various allegations lodged against Uintah County employees. However, as stated, Uintah County is responsible only for its own illegal acts and is not vicariously liable for the conduct of its employees. Thus, allegations that others may have violated Mr. Hunter's constitutional rights are insufficient to state a claim against Uintah County.

---

[10] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 692 (1972)).

[11] *Id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)).

[12] *Id.*

[13] *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

[14] *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).

In its Opposition, Plaintiff argues that a municipality may be held liable if a denial of medical care results from an official policy or custom, the lack of adequate policies, and the failure to adequately train or supervise employees. While this may be true, Plaintiff's Complaint contains no such allegations. For instance, there are no allegations that the Uintah County jail had a policy or custom of depriving inmates of necessary medication. The allegations reflect just the opposite, alleging that Mr. Hunter received adequate medical treatment when jailed on other occasions.[15] Nor does Plaintiff allege that Mr. Hunter's death was caused by a failure of Uintah County to adequately train or supervise its employees. Without these or similar allegations, Plaintiff's § 1983 claim must fail as against Uintah County.

Even assuming that the Complaint contained sufficient allegations supporting the existence of an official policy or custom and causation, Plaintiff has failed to adequately allege deliberate indifference on the part of the County. "In the municipal liability context, deliberate indifference is an objective standard which is satisfied if the risk is so obvious that the official should have known of it."[16] "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."[17] Here, there are no allegations that Uintah County had the requisite state of mind. Therefore, Plaintiff's § 1983 claim must be dismissed against the County. However, the Court will dismiss the claim without prejudice and will allow Plaintiff an opportunity to amend.

---

[15] Docket No. 1 ¶ 23.

[16] *Barney v. Pulsipher*, 143 F.3d 1299, 1307 n.5 (10th Cir. 1998).

[17] *Id.* at 1307.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant Uintah County's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

DATED this 5th day of July, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge